41 F.3d 1520
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Yusuf D. AMIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3499.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1994.
 
 Before RICH, NEWMAN, and RADER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Petitioner, Amin, petitions for review of initial decision of the Merit Systems Protection Board (MSPB or board), Docket No. SF-831M-93-0645-I-1, which became final on June 20, 1994, affirming a reconsideration decision of the Office of Personnel denying Amin a refund of $1500 overpayment recovered by the OPM. We affirm.
 
 DISCUSSION
 
 2
 Petitioner, Amin, appeals a decision of the Merit Systems Protection Board (MSPB or board), affirming the decision of the Office of Personnel Management (OPM), that Amin was not entitled to a waiver of $1,500 of an overpayment of $3,916 in civil service retirement benefits that Amin received, and that OPM's collection measures complied with procedures for administrative offset.
 
 
 3
 Mr. Amin was separated from the United States Forest Service on March 23, 1990. He was granted special interim disability annuity benefits under the Civil Service Retirement Act (CSRA). OPM determined that Amin had received dual payments totaling $3,918. OPM intended to collect the overpayment by deducting monthly installments from his annuity check.
 
 
 4
 On November 15, 1991, Amin requested a reconsideration decision. In response, the OPM determined that the initial overpayment amount should be reduced by $53.20. The OPM also applied $1,500 of accrued annuity due to his overpayment through administrative offset. The remaining balance was calculated to be $2,364.80.
 
 
 5
 OPM explained that collection of the overpayment can be waived only when, in its judgment, the individual is without fault and recovery would be against equity and good conscience. 5 U.S.C. Sec. 8346(b). The OPM found that Amin was not without fault and denied his request for waiver. Nonetheless, after reviewing Amin's financial situation, OPM decided to terminate collection of the remaining balance.
 
 
 6
 Mr. Amin appealed the OPM decision to the board. The AJ affirmed in part and remanded in part. The AJ found that the OPM had properly adjusted the overpayment and that Amin had shown that he was not at fault in causing or contributing to the overpayment. However, the AJ found that even though Amin was without fault, he was not entitled to a waiver on the basis of equity and good conscience because he failed to show that he set aside the overpayment he had received. Amin received the overpayment shortly after January 1, 1991 and on January 16, 1991 he notified an OWCP claims officer of the dual payments, however, he did not set aside the amount of the overpayment. Through administrative offset, the agency collected the $1,500.
 
 
 7
 The AJ affirmed the OPM decision but remanded the case so the OPM could determine if the collection process had been terminated. Amin petitioned the full board who denied his petition under 5 CFR Sec. 1201.115. The initial decision became the final decision of the board on June 20, 1994. Amin appeals.
 
 
 8
 We must affirm decisions of the Board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Finding no such error in the board's decision, we affirm.